**The STATE of Ohio, Appellee,**

v.

**FAVORS, Appellant.**

[Cite as *State v. Favors,* 155 Ohio App.3d 129, 2003-Ohio-5731.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02–CA–226.

Decided Oct. 21, 2003.

Dionne M. Almasy, Youngstown Assistant Director of Law, for appellee.

A. Ross Douglass, for appellant.

Gene Donofrio, Judge.

{¶ 1} Defendant-appellant, Michael Favors, appeals from his conviction for assault in the Youngstown Municipal Court following a bench trial.

{¶ 2} Appellant appeared before the Youngstown Municipal Court for a bench trial on August 21, 2002. After hearing testimony of several witnesses, the court found appellant guilty of assault, in violation of R.C. 2903.13(A).

{¶ 3} Appellant filed a notice of appeal and was appointed appellate counsel. On May 13, 2003, appellant's appointed appellate counsel filed a no-merit brief and asked to withdraw as counsel, pursuant to *State v. Toney* (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419.

{¶ 4} In *Toney*, this court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

{¶ 5} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶ 6} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

{¶ 7} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶ 8} "* * *

{¶ 9} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."

{¶ 10} On May 27, 2003, this court granted appellant 30 days to file a brief raising any assignments of error. He did not.

{¶ 11} Based on a thorough review of the record and the transcript of proceedings, there appears to be no errors of merit, and this appeal appears wholly frivolous. The record amply supports the trial court's finding of guilt. Several witnesses testified at the trial that on March 22, 2002, appellant assaulted Ruth Moss. Ruth Moss testified that she went to her sister Diane Moss's house after becoming aware by a phone call that her sister and her sister's boyfriend (appellant) were arguing. She further testified that after confronting appellant about the dispute between appellant and Diane Moss, appellant struggled with her and eventually wrestled her to the floor and began choking her so violently that she urinated on herself and was left with red marks on her neck. Diane Moss and Twila Moss (victim's mother) submitted similar testimony.

{¶ 12} Anna Smeltzer testified as a defense witness but testified that she did not see anything that happened in the room because she was trying to subdue her minor child who was attempting to intervene in the dispute. Appellant testified that he did not choke Ruth Moss but that he instead subdued her in self-defense by pinning her to the ground by "holding her chest."

{¶ 13} Although appellant presented rebuttal testimony, that testimony simply raised questions of credibility and weight to be given evidence that are primarily for the trier of fact to determine. A reviewing court may not reverse a conviction where there is sufficient evidence and no prejudicial error occurred. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

{¶ 14} Accordingly, counsel's motion to withdraw is sustained, and the judgment of the trial court is hereby affirmed.

Judgment affirmed.

WAITE, P.J., and VUKOVICH, J., concur.