DECISION AND JUDGMENT ENTRY
{¶ 1} Floyd Jordan, Jr. appeals his Vinton County Court of Common Pleas' conviction and sentence for aggravated burglary, in violation of R.C. 2911.11(A)(2), a felony of the first degree. His appointed counsel advised this court, pursuant to Anders v.California (1967), 386 U.S. 738, that he has reviewed the record and cannot find a meritorious claim to appeal. Accordingly, underAnders, counsel has moved to withdraw. After independently reviewing the record,
 {¶ 2} we agree with counsel's conclusion that a meritorious claim does not exist upon which to base an appeal. Hence, we find this appeal is wholly frivolous under Anders, grant counsel's request to withdraw and affirm the judgment of the trial court.
 I. {¶ 3} The Vinton County Grand Jury indicted Jordan for (1) aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree; (2) aggravated burglary, in violation of R.C. 2911.11(A)(2), a felony of the first degree; (3) kidnapping, in violation of R.C. 2905.01(A)(2), a felony of the first degree; and, (4) kidnapping, in violation of R.C. 2905.01(A)(2), a felony of the second (sic) degree. In addition, the grand jury added a fire arm specification under each of the four counts in violation of R.C. 2941.145.
 {¶ 4} At his arraignment, the trial court read the indictment to Jordan and proceeded to explain to him his various rights. After Jordan asked for court appointed counsel, the court continued the arraignment before accepting a plea. The court set bond at $100,000 cash or surety. Jordan remained in jail because he could not post bond. The trial court appointed counsel for Jordan and set the continued arraignment for a date certain. The record does not show what happened, if anything, at the second arraignment hearing.
 {¶ 5} Pursuant to a negotiated plea agreement, Jordan entered an initial plea of guilty to the aggravated burglary charge. The state followed the agreement and recommended a four-year prison term, the dismissal of the remaining three counts and the four fire arm specifications. The court adopted the recommendations, sentenced Jordan to four years in prison and dismissed the remaining counts and specifications. The court credited Jordan for time served in jail.
 {¶ 6} Jordan appeals. His appointed counsel has filed a motion to withdraw as counsel, notifying this court that he could not find a meritorious issue for appeal, and has filed anAnders brief. Jordan did not file a pro se brief but did notify the court by letter that a lawyer found that he was "improperly arraigned" and "ineffective assistance of counsel."
 {¶ 7} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if a meritorious issue exists. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 8} Here, Jordan's counsel satisfied the requirements inAnders, and Jordan has not filed a pro se brief. Accordingly, this court will examine counsel's potential assignments of error and the entire record below to determine if this appeal lacks merit. Counsel raises the following seven potential assignments of error: "I. Failure to Hold a full Arraignment after Jordan Exercised his Right to Counsel Constitutes Prejudicial Error. II. Failure to Inform Jordan of the Correct Degree of Felony as Charged in Count 3 of the Indictment Constituted Prejudicial Error. III. Failure to Inform Jordan Directly of His Right to Bond Constituted Prejudicial Error. IV. Failure to Inform Jordan of Each of His Rights, and to Hold an Arraignment Hearing Constituted Cumulative Error. V. Failure to Inform Jordan of Each of his Rights and to Hold an Arraignment Hearing Constituted Plain Error. VI. Counsel[`s] Failure to Raise the Issue of the Court's Failure to Fully Inform Jordan of his Rights or to Request a Formal Arraignment Constituted Ineffective Assistance of Counsel. VII. Counsel's Failure to Move the Court for a Hearing on Bond Constituted Ineffective Assistance of Counsel." We note that counsel included the two problem areas that Jordan mentioned in his letter, i.e. an improper arraignment and ineffective assistance of counsel.
 II. {¶ 9} Most of counsel's proposed errors seem to stem from what happened or did not happen at the two scheduled arraignment hearings. Because the state did not file a brief and because no entry exits in the record, we will assume for purposes of this appeal that the second scheduled arraignment never occurred.
 {¶ 10} Where a court has subject-matter jurisdiction, a voluntary, intelligent plea of guilty entered by a defendant who is represented by competent counsel operates as a waiver of all non-jurisdictional defects in prior stages of the proceedings.Ross v. Court (1972), 30 Ohio St.2d 323; State v. Brown
(1988), 33 Ohio App.3d 39; State v. Price (Sept. 30, 1997), Franklin App. No. 97 APA 02-151; State v. Cantlebarry (July 27, 1995), Richland App. No. 94-CA-81.
 {¶ 11} Here, the court had subject-matter jurisdiction. The record shows that Jordan entered his initial plea when he entered a plea of guilty to count two of the indictment, i.e. aggravated burglary. The Crim.R. 11 hearing indicates that Jordan's counseled plea was voluntary and that he knew what he was doing. Jordan's trial counsel negotiated an agreement that eliminated three of the four counts and all four specifications. Jordan only received a four-year sentence for a serious crime. This record demonstrates that Jordan's counsel was competent. Hence, we find that Jordan waived any non-jurisdictional defects that occurred in prior stages of the proceedings.
 {¶ 12} In addition, even if we assume arguendo that Jordan did not waive any defects, upon our review of the record, we conclude that Jordan's counsel has provided his client with a diligent and thorough search of the record and has appropriately concluded, as we do, that the proceedings below were free from prejudicial error even if some defects occurred. See Penson v.Ohio (1988), 488 U.S. 75. Hence, we find that no grounds exist to support a meritorious appeal.
 {¶ 13} Accordingly, we grant counsel's motion to withdraw, find this appeal wholly frivolous and affirm the judgment of the trial court.
Judgment affirmed.
Harsha, J. and Evans, J.: Concur in Judgment and Opinion.