DECISION AND JUDGMENT ENTRY
{¶ 1} Pamela L. Adkins appeals her conviction in the Gallipolis Municipal Court for driving under the influence in violation of R.C. 4511.19(A)(1), driving with a suspended license in violation of City of Gallipolis Ordinance Section 335.07, permitting an unlicensed driver to drive in violation of City of Gallipolis Ordinance Section 335.01(A)(2), and child endangerment in violation of R.C. 2919.22. Her appointed counsel advised this court, pursuant to Andersv. California (1967), 386 U.S. 738, that he reviewed the record and could not find a meritorious claim to appeal. Accordingly, counsel moved to withdraw. After independently reviewing the record, we agree with counsel's conclusion that a meritorious claim does not exist upon which to base an appeal. Hence, we find this appeal is wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 I. {¶ 2} Adkins woke her seventeen year-old son at approximately 2:00 a.m. one morning and informed him they needed to go to a Gallipolis bar to pick up the keys to a vehicle belonging to her friend, because police were arresting the friend. Patrolman Matthew Champlin was assisting an Ohio State Highway Patrol Trooper on a traffic stop at the time. Champlin testified at trial that Adkins' vehicle attracted his attention because of the manner in which the driver slowed down as she passed the traffic stop. He observed that Adkins was driving the vehicle, and observed her son sitting in the passenger seat. Champlin radioed the dispatcher to run Adkins' license plate, and learned that the driver's license of the female owner of the vehicle was under suspension.
 {¶ 3} By then Champlin had lost sight of Adkins' vehicle, but he immediately got into his cruiser to look for it. When he found the vehicle, Adkins' son was driving and Adkins was in the passenger seat. Champlin stopped the vehicle. He informed Adkins that he observed her operating the vehicle. Adkins had an odor of alcohol about her, slurred her speech, and admitted to drinking an alcoholic beverage. Adkins also informed Champlin that she takes muscle relaxants for her knee.
 {¶ 4} Champlin had Adkins perform a horizontal gaze nystagmus ("HGN") test, a walk and turn test, and a one-leg stand test. He testified that he received all six clues on the HGN test, and that Adkins also failed the other two tests. He placed Adkins under arrest and transported her to the Gallipolis City Police Department. Adkins refused to take a breath test.
 {¶ 5} Adkins' son testified that his mother woke him to drive her to pick up the keys. He stated that he drove because his mother had taken her medication and because her license was suspended. Although he did not have his license, he had a driver's permit. He further testified that they were only going to pick up the keys to Adkins' friend's vehicle, not the vehicle itself. Finally, he testified that he was the driver of the car the entire time.
 {¶ 6} The State called Lieutenant Keith Elliott of the Gallipolis City Police Department on rebuttal. Adkins objected on the grounds that the State should have presented Elliott's testimony in its case-in-chief, and that it was not a proper subject for rebuttal. The trial court overruled the objection. Elliott testified that he observed Adkins' vehicle as it passed the site of the original traffic stop, and that he noticed the driver was a blonde haired woman. He stated that he was certain the driver was not a sandy haired young male. However, Elliott could not recall anything about the woman's hairstyle, such as whether it was long or short, or worn up or down.
 {¶ 7} The trial court found Adkins guilty of all the charges against her. The court sentenced Adkins to 180 days of jail time, but suspended 170 days. On appeal, Adkins' appointed counsel filed a motion to withdraw as counsel, notifying this court that he could not find a meritorious issue for appeal, and filed anAnders brief.
 {¶ 8} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744; see, also, State v. Favors,155 Ohio App.3d 129, 2003-Ohio-5731, at ¶ 6. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his clients appeal. Anders at 744;Favors at ¶ 5. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Anders at 744. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if a meritorious issue exists. Id.; Favors at ¶ 7. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if the law so requires. Id.
 {¶ 9} Here, Adkins' counsel does not set forth a specific assignment of error, but he presents one issue that he believes may have merit. Additionally, the record reflects that Adkins received a copy of her counsel's brief and request to withdraw, which provided Adkins with ample time to raise her own assignments of error. Thus, counsel satisfied the requirements inAnders. Adkins did not file a pro se brief. Accordingly, we examine counsel's issue and the entire record below to determine if Adkins' appeal has merit.
 III. {¶ 10} Adkins' appellate counsel asserts that the trial court erred in allowing the State to present Elliott's testimony. Specifically, counsel contends that the State should have called Elliott to testify in its case-in-chief, since the identity of the driver was at issue throughout the trial, not just after Adkins' son testified.
 {¶ 11} The admission or exclusion of a rebuttal witness rests within the sound discretion of the trial court. State v.Finnerty (1989), 45 Ohio St.3d 104, 109. As such, an appellate court will not disturb such a determination regarding a rebuttal witness absent an abuse of discretion. See id.; State v. Hicks,
Lucas App. No. L-02-1254, 2003-Ohio-4968, at ¶ 11. The purpose of a rebuttal witness is to "explain, refute or disprove new facts introduced into evidence by the adverse party[.]" State v.McNeill (1998), 83 Ohio St.3d 438, 446. The testimony of a rebuttal witness is only relevant to challenge the evidence introduced by the opponent, and the scope of this testimony is limited to such evidence. Id.
 {¶ 12} Here, we need not determine whether the trial court erred in permitting Elliott to testify regarding who he saw driving Adkins' car. Any error in this regard was harmless error, because the record — independent of Elliott's testimony — contains some competent, credible evidence upon which the court could conclude that Adkins drove her car. Specifically, Champlin's testimony that he saw Adkins driving and saw her son in the passenger's seat supports the trial court's conclusion that Adkins was the driver.
 {¶ 13} Upon our independent review of the record, we conclude that Adkins' counsel has provided his client with a diligent and thorough search of the record and has appropriately concluded, as we do, that the proceedings below were free from prejudicial error. See Penson v. Ohio (1988), 488 U.S. 75; State v.Jordan, Vinton App. No. 03CA583, 2004-Ohio-1064. Hence, we find that no grounds exist to support a meritorious appeal. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.
Judgment affirmed.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.