OPINION
{¶ 1} Kermith Cochran appeals pro se from the trial court's decision and entry overruling a motion to vacate or suspend the order for payment of a fine or court costs incurred in connection with his unsuccessful motion to modify child support.
 {¶ 2} Although Cochran's appellate brief lacks an assignment of error, the essence of his argument is that he cannot pay a fine or court costs because he is incarcerated and indigent.
 {¶ 3} The present appeal stems from a motion to modify child support that Cochran filed in December 2003. Therein, he argued that he could not afford any child support because he earned only $9.00 a month as an inmate at the Lebanon Correctional Institution.
 {¶ 4} A magistrate overruled Cochran's motion in a February 2004 decision. Although the magistrate refused to modify the support obligation, he did suspend collection of support until after Cochran's release from prison. The magistrate determined that Cochran's support obligation would continue to accrue and that he would be obligated to pay the arrearage over time following his release. Finally, the magistrate ordered Cochran to pay the court costs associated with his motion within 30 days.
 {¶ 5} At Cochran's request, the magistrate later issued findings of fact and conclusions of law in support of the foregoing decision. The magistrate reasoned that an obligor is not entitled to be relieved of his child support obligation due to the commission of a crime and resulting incarceration. Cochran failed to file any objections to the magistrate's decision, which the trial court approved on May 3, 2004. Cochran likewise did not appeal from the trial court's decision and entry approving the magistrate's ruling. Instead, on July 23, 2004, he filed a motion to vacate or suspend payment of a fine or court costs in the amount of $104.46.[1] The only authority cited by Cochran was R.C. § 2929.51, which addresses, inter alia, the suspension of fines imposed in connection with criminal convictions.
 {¶ 6} The trial court overruled Cochran's motion in a short July 29, 2004, journal entry, reasoning:
 {¶ 7} "* * * The order to pay costs is valid. The Defendant is incarcerated now and may be indigent. However, he can pay costs after release from confinement.
 {¶ 8} "The Clerk may even cause collection procedures against Defendant's funds in prison for payment of costs.
 {¶ 9} "Defendant to pay the costs of this motion."
 {¶ 10} On appeal, Cochran argues that he cannot afford to pay court costs and that the trial court's failure to vacate them places him at risk of being incarcerated for non-payment. He reasons that "being poor should not be criminal." He once again relies on R.C. § 2929.51, which concerns the modification of misdemeanor sentences and fines imposed in connection therewith.
 {¶ 11} Upon review, we find Cochran's argument to be unpersuasive. As an initial matter, we note that R.C. § 2929.51 has been repealed and analogous provisions have been codified elsewhere in the Revised Code. These changes are immaterial to the present appeal, however, because the statute has no applicability whatsoever. It addresses fines imposed in connection with criminal convictions, whereas Cochran was ordered to pay court costs in connection with a civil case.
 {¶ 12} Cochran's argument suffers from other deficiencies as well. He failed to file an objection to the magistrate's imposition of court costs, as required by Civ.R. 53. He also failed to appeal from the trial court's decision and entry approving the magistrate's decision assessing court costs. Instead, he filed a motion to vacate or suspend the imposition of court costs. Insofar as this motion might be construed as seeking relief under Civ.R. 60(B), it is well settled that such a motion cannot be used as a substitute for an appeal. Doe v. Trumbull Cty.Children Services Bd. (1986), 28 Ohio St.3d 128.
 {¶ 13} With regard to Cochran's argument that he fears incarceration for non-payment of court costs and that "being poor should not be criminal," we note that the Ohio Constitution prohibits imprisonment for failure to pay court costs. Strattman v. Studt (1969), 20 Ohio St.2d 95,102. But nothing in the record indicates that the trial court intends to incarcerate Cochran for non-payment of court costs. Indeed, the trial court expressly stated the he may pay the costs after his release from the Lebanon Correctional Institution. "By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment." Id. at 103.
 {¶ 14} The judgment of the trial court is affirmed.
Fain, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Although Cochran's motion referred to a "fine" or "court costs," we note that the amount at issue is purely court costs.