DECISION AND JUDGMENT ENTRY
 { ¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. David Bower, Jr., Appellant, entered a guilty plea to three counts of telecommunications harassment in violation of R.C. 2917.21(A)(1) and (A)(2), felonies of the fifth degree. Appellant's appointed counsel has advised the court that she has reviewed the record and can discern no meritorious claims for appeal; and under Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, requested to withdraw from the instant case.
{ ¶ 2} Appellant's counsel did, however, raise two potential issues for this court to consider. First, Appellant asserts, through counsel, that the sentences imposed on him may not be authorized by law. Appellant next asserts that he was not informed, at the trial court level, that he was executing a waiver of speedy trial time when he asked for a continuance of his scheduled jury trial. Appellant claimed, at his sentencing hearing, that because he was "misled" into signing a time waiver, the charges against him should be dismissed. Appellant also filed a pro se brief, setting forth an additional argument in which Appellant claims that he should have only been sentenced to one prison term because all of the criminal charges against him were "of the same action or transaction, regardless if he has prior convictions."
{ ¶ 3} After independently reviewing the record, we agree with counsel's conclusion that a meritorious claim does not exist upon which to base an appeal. Thus, we find this appeal to be wholly frivolous and affirm the judgment of the trial court.
{ ¶ 4} In March of 2005, the Scioto County grand jury indicted Appellant on three counts of telecommunications harassment in violation of R.C. 2917.21(A)(1) and (A)(2). Appellant entered into an agreement with the State and pled guilty to all three counts. In exchange for his plea, Appellant received three one year sentences, to be served consecutively, with the understanding that as long as he made no more harassing calls, he would receive judicial release after eighteen months in order to obtain treatment for his illness at a community based correctional facility.
{ ¶ 5} Appellant has now filed an appeal, initially through counsel via an Anders brief, and has also filed a pro se brief in which he raises an additional issue for our review. This court permitted appellate counsel to withdraw from the representation of Appellant in light of her recent employment with the Scioto County Prosecutor's office and the attendant conflict of interest such employment has created. However, by entry dated July 21, 2006, this Court decided to hold Appellant's request for new appellant counsel to be appointed in abeyance until we reviewed his former attorney's Anders brief and determined whether or not the appeal is frivolous.
{ ¶ 6} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, he should so advise the court and request permission to withdraw. State v. Adkins, Gallia App. No. 03CA27, 2004Ohio-3627; citing Anders at 744; see, also, State v.Favors, 155 Ohio App.3d. 129, 2003-Ohio-5731, 799 N.E.2d 243, at ¶ 5. Relying on Anders, we noted in Adkins, supra, that counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Anders at 744;Favors at ¶ 5. Counsel must also: 1) furnish his client with a copy of the brief and request to withdraw; and, 2) allow his client sufficient time to raise any matters that his client chooses. Anders at 744.
{ ¶ 7} Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if a meritorious issue exists. Id.; Favors at ¶ 7. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if the law so requires. Id.
{ ¶ 8} Here, neither Appellant nor his counsel set forth specific assignments of error, but they present three issues they believe may have merit. Accordingly, we examine counsel's and Appellant's issues and the entire record below to determine if Appellant's appeal has merit.
{ ¶ 9} First, Appellant's counsel asserts that the sentences imposed may not be authorized by law. Appellant, in his pro se brief, also raises an issue regarding sentencing; thus, we will address these two issues together. Appellant's counsel seems to question the imposition of three, maximum, consecutive sentences for the convictions on all three counts of telecommunications harassment. However, Appellant's counsel simultaneously asserts her belief that because Appellant's sentence was imposed as an agreed sentence as part of a plea bargain, it is not subject to review by an appellate court.
{ ¶ 10} Likewise, Appellant's pro se brief sets forth the following argument:
{ ¶ 11}
 "ACCORDING TO 2929.14 O.R.C. AND C.R. 14, A PERSON CAN ONLY BE SENTENCED TO 1 PRISON TERM. AS LONG AS ALL ACCOUNTS (SIC) ARE OF THE SAME ACTION OR TRANSACTION. REGARDLESS (SIC) IF THE (SIC) HAS PRIOR CONVICTIONS. THIS IS FOUND IN 2929.14(5)(D)(1)(a)."
 { ¶ 12} Although it is not completely clear to this court what Appellant is trying to argue, we construe his argument to be an assertion that the imposition of multiple, consecutive sentences for the same offense, based in part, on the fact that a defendant has a prior criminal record, is a sentence that is contrary to law under the authority of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531
and State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
{ ¶ 13} R.C. 2953.08(D) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Further, as noted by the Eighth District in State v. Jackson, Cuyahoga App. No. 86506, 2006-Ohio-3165, the Ohio Supreme Court recently held in State v.Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, that pursuant to R.C. 2953.08(D), a sentence is not subject to review when the sentence is authorized by law, jointly recommended by the parties, and imposed by the sentencing judge. In so holding, the Court reasoned that, "[T]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." Jackson, supra; citing Porterfield at 10.
{ ¶ 14} "Authorized by law" under R.C. 2953.08(D) means that the sentence falls within the statutorily set range of available sentences.State v. Gray, Belmont App. No. 02BA26, 2003-Ohio-805. A sentence is authorized by law as long as the prison term imposed does not exceed the maximum term prescribed by the statute for the offense. State v.McMillen, Vinton App. No. 01CA564, 2002-Ohio-2863; citing State v.Benner, Athens App. No. 00CA32, 2001-Ohio-2551; State v. Riley, Athens App. No. 00CA44, 2001-Ohio-2487; State v. Rogg, Highland App. No. 00CA07, 2001-Ohio2366
{ ¶ 15} The statutory range for telecommunications harassment, a felony of the fifth degree, is six to twelve months. R.C. 2929.14(A)(5). Appellant was sentenced to twelve months on each count, to be served consecutively. Thus, all three sentences were within the statutory range. Therefore, Appellant's agreed sentence of three years, with the understanding that he would receive judicial release in order to obtain treatment after eighteen months, was authorized by law. Accordingly, R.C. 2953.08 precludes review of Appellant's sentence.
{ ¶ 16} We also find, as did the Eighth District in Jackson, that the reasoning in Blakely has no application to agreed sentences.Jackson, supra. "Furthermore, Blakely addressed only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, Blakely does not apply for this very specific reason." Id. at 17; citing State v. Ranta, Cuyahoga App. No. 84976, 2005-Ohio-3693 . Moreover, in State v.Woods, Clark App. No. 05CA0063, 2006-Ohio-2325, the court addressed the impact of Foster on agreed sentences. In its holding thatFoster was not implicated, the court found that R.C. 2953.08(D) puts aFoster issue beyond appellate review when the sentence is a result of an agreement between the parties. Id. at ¶ 13-15.
{ ¶ 17} Because Appellant's sentence was authorized by law, was recommended jointly by his counsel and the prosecution, and was imposed by the sentencing judge, the sentence is not subject to appellate review. R.C. 2953.08(D). Accordingly, we find the issues raised that relate to sentencing to be meritless.
{ ¶ 18} We next address the second issue raised by Appellant's counsel, which deals with Appellant's right to a speedy trial. Appellant claimed at his sentencing hearing that he was misled by his original counsel[3] at the trial court level into signing a waiver of his right to speedy trial. Appellant's new counsel made the trial court aware of Appellant's claim at the sentencing hearing and even called Appellant's original counsel to the stand for questioning. After hearing testimony from Appellant, Appellant's father, and Appellant's original counsel, the trial court accused Appellant of attempting to perpetrate a fraud upon the court.
{ ¶ 19} On appeal, Appellant's counsel notes that even if Appellant was misinformed when he signed the waiver of speedy trial, he entered his guilty plea to all charges prior to the time in which the state had to bring him to trial on the charges, or 270 days, in accordance with R.C. 2945.71. Appellant was informed of this fact during the sentencing hearing in an exchange that occurred as follows:
"Q: Well, what did you think you were signing?
A: I didn't know exactly what I was, exactly what she said, it would give
us and the Courts more time to prepare for our case and I thought it
was a signature that would be both sides agreed that it would give us
more time to prepare for the case.
Q: And that was actually what happened, wasn't it? The case was
continued, it was set off for three months? In fact, I was looking at
Mrs. Parker's, who was the Assistant Prosecutor in my office
prosecuting this. It looks like there was actually three months left to
try the case even without signing this time waiver. Did you realize
that?
A: No, I was not informed of that.
Q: So, the time that it was set in September when you actually plead
guilty to these cases, it was still within the speedy trial time. Did you
realize that?
A: No, sir."
{ ¶ 20} A guilty plea waives all appealable orders except for a
challenge as to whether the defendant made a knowing, intelligent, and voluntary acceptance of the plea. State v. Spates, 64 Ohio St.3d 269, 272273, 1992-Ohio-130, 595 N.E.2d 351. Thus, because Appellant does not claim that the alleged misrepresentation by his counsel in obtaining a signed waiver of speedy trial time affected his acceptance of the plea, Appellant's claim, even if meritorious, is outside our scope of review on appeal. Stated another way, because Appellant claims no connection between the alleged "misrepresentation" and his subsequent plea, he cannot and does not claim that his plea was not knowing, intelligent and voluntary. Thus, Appellant's counsel's second issue is therefore precluded from review on appeal.
{ ¶ 21} Upon our independent review of the record, we conclude that Appellant's counsel has provided her client with a diligent and thorough search of the record and has appropriately concluded, as we do, that the proceedings below were free from prejudicial error. See Penson v.Ohio (1988), 488 U.S. 75, 109 S.Ct. 346; State v. Jordan, Vinton App. No. 03CA583, 2004-Ohio-1064. Hence, we find that no grounds exist to support a meritorious appeal. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
[3] Appellant had three different attorneys at the trial court level and yet another attorney for purposes of appeal.