DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. Alan Dye, defendant below and appellant herein, pled guilty to complicity to aggravated robbery in violation of R.C. 2923.03(A)(2) R.C. 2911.01(A)(3). The court also determined that appellant violated community control sanctions previously imposed for attempted tampering with evidence in violation of R.C. 2923.02.
 {¶ 2} Appellant assigns the following error for review: *Page 2 
 "THE SENTENCE IMPOSED BY THE TRIAL COURT VIOLATES THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PURSUANT TO THE OHIO SUPREME COURT'S HOLDINGS IN [STATE V. FOSTER]."
 {¶ 3} In 2004, appellant was charged with rape in violation of R.C.2907.02 (Case No. 04CR323). He entered a no contest plea to an amended charge of attempted tampering with evidence and sentenced to community control.
 {¶ 4} In 2006, the Athens County Grand Jury returned an indictment charging appellant with complicity to aggravated robbery (Case No. 06CR067). He agreed to plead guilty in exchange for the prosecution's recommendation that his five year sentence be served concurrently with the sentence imposed in Case No. 04CR323.
 {¶ 5} At the March 30, 2006 hearing the trial court explained appellant's various rights, explained the plea agreement's terms, accepted appellant's plea, found him guilty of the charge, sentenced appellant to serve sixteen months in prison for Case No. 04CR323 and five years in prison for Case No. 06CR067 and ordered that both sentences be served concurrently. This appeal followed.[1]
 {¶ 6} Appellant asserts that although his sentence resulted from a plea agreement, the trial court nevertheless relied on various statutory sentencing provisions that the Ohio Supreme Court has declared to be unconstitutional. For example, *Page 3 
appellant notes that in the final judgment of conviction, the court states that it did not give him a minimum sentence because to do so "would demean the seriousness of the offense and would not adequately protect the public." Appellant notes that this language comes from R.C.2929.14(B)(2)[2] and that this provision has been declared to be unconstitutional. In State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, at paragraph one of the syllabus. The Ohio Supreme Court determined that R.C. 2929.14(B) is unconstitutional. Thus, appellant concludes, his sentences must be vacated and the case remanded for re-sentencing. We disagree with appellant.
 {¶ 7} R.C. 2953.08(D) provides that if the parties jointly recommend a sentence, that sentence is not subject to review as long as it is "authorized by law." A sentence is "authorized by law" for purposes of R.C. 2953.08(D) if it does not exceed the maximum term allowed under statute. See State v. Miniard, Butler App. No. CA2006-03-074,2007-Ohio-458, at ¶ 10; State v. Richardson, Cuyahoga App. No. 87886, 2007-Ohio-8, at ¶ 4; State v. Bower, Scioto App. No. 06CA3058,2006-Ohio-6472, at ¶ 14. Here, it does not appear that the sentences extend beyond the maximum allowed by law and appellant does not argue as such. Thus, appellant's sentences are not subject to review on appeal. *Page 4 
 {¶ 8} We acknowledge that the trial court arguably made factual findings that could be viewed to violate Foster. However, we believe that the court's "findings" may be disregarded as mere surplus language.
 {¶ 9} Once a defendant stipulates that a particular sentence is justified, a court need not independently justify the sentence.State v. Porterfield, 106 Ohio St.3d 5, 829 N.E.2d 690, 2005-Ohio-3095, at paragraph three of the syllabus. Thus, in the case sub judice the trial court need not have considered whether appellant's sentences would demean the seriousness of the offense or would adequately protect the public. We do not believe that we should reverse criminal sentences simply because a court engaged in a superfluous act. Second, appellant did not contend that his sentence would have been improper if the court had not made such findings and we do not conclude as such from our review of the record. Thus, at most the trial court's statements constitute harmless error. See Crim.R. 52(A). Finally, we and others have held that Foster, supra, does not apply to agreed-upon sentences.Bower, supra at ¶¶ 16-17; State v. Billups, Franklin App. No. 06AP-853,2007-Ohio-1298, at ¶ 9; State v. Spurling, Hamilton App. No. C-060087,2007-Ohio-858, at ¶¶ 14-16; State v. Carrico, Stark App. No. 2005CA00324,2007-Ohio-559, at ¶¶ 30-33. Therefore, even if the trial court made factual findings that arguably violate Foster, those findings are irrelevant because appellant and the prosecution jointly recommended to the sentences. *Page 5 
 {¶ 10} Accordingly, based upon these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
[1] Appellant filed his notice of appeal well outside the thirty day time limit. See App.R. 4(A). Nevertheless, we granted appellant leave to file a delayed appeal.
[2] R.C. 2929.14(B)(2) states that if a court imposes a prison term, it should impose the shortest prison term authorized by law unless, inter alia, "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." *Page 1