DECISION AND JUDGMENT ENTRY
{¶ 1} Robert Crum ("Appellant") appeals his conviction and subsequent sentencing for one count of burglary, in violation of R.C.2911.12(A)(2), a second degree felony, and sixteen counts of breaking and entering, in violation of R.C. 2911.13(A), a fifth degree felony. The Appellant's appointed counsel advised the court that he reviewed the record, can discern no meritorious claims for appeal, and underAnders v. California *Page 2 
(1967), 386 U.S. 738, 87 S.Ct. 1396, requested to withdraw from the instant case.
 {¶ 2} The Appellant's counsel did, however, raise three potential issues for this court to consider. First, the Appellant asserts, through counsel, that the trial court failed to conduct judicial factfinding before imposing a more-than-minimum concurrent sentence under State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Second, the Appellant contends he was provided ineffective assistance by his trial counsel when he failed on cross-examination to ask any questions other than where specific churches were located. Third, the Appellant contends that the trial court erred when it failed to dismiss count one of the Appellant's indictment for burglary, as the State ("Appellee") failed to show all the essential elements of the crime.
 {¶ 3} In his pro se brief, the Appellant also raises four additional assignments of error. First, he argues, Foster should apply to his case, as his initial appellate counsel's failure to file a notice of intent to appeal, noted by this court, forced his case to be prematurely final. He argues that if his initial appellate counsel had properly filed his notice of intent to appeal, his case would have been on direct appeal when Foster was decided, and thus, his case should be remanded for resentencing. Second, the Appellant argues the trial court erred when it failed to dismiss count seventeen of his *Page 3 
indictment, as the State ("Appellee") failed to show all the essential elements of the crime at issue, breaking and entering. Third, the Appellant contends that the trial court denied his due process rights and right to a fair trial when it failed to provide him with enough time to obtain a fingerprint expert to analyze the Appellee's evidence supporting the charges against him. Finally, the Appellant argues that he was arraigned without counsel, in violation of his due process rights.
 {¶ 4} After independently reviewing the record, we agree with counsel's conclusion that a meritorious claim does not exist upon which to base an appeal. Thus we find this appeal wholly frivolous and affirm the judgment of the trial court.
 {¶ 5} The Appellant was convicted on November 29, 2005 and sentenced on December 21, 2005 for one count of burglary, a second degree felony, and sixteen of eighteen counts of an indictment for breaking and entering, a fifth degree felony. His sentence on the seventeen counts totaled twelve years and one month in an Ohio penal institute.
 {¶ 6} The offenses giving rise to the Appellant's conviction occurred in Lawrence County. Following his conviction, the Appellant filed a motion for a new trial, which the trial court denied. Shortly thereafter, the Appellant requested appellate counsel to be appointed so that he could file a notice of *Page 4 
appeal with this court. Four separate counsel have been appointed to represent him in his appeal. On November 27, 2006, the Appellant filed a notice of appeal with this court, which we denied, as we have no authority to extend the deadline for filing a notice of appeal. In response to this entry, the Appellant, through counsel, filed a notice of appeal and a motion for leave to file a delayed appeal, which we granted.
 {¶ 7} Appellant has now filed an appeal, initially through counsel viaan Anders brief, and also filed a pro se brief in which he raises additional issues for our review. In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, he should so advise the court and request permission to withdraw. State v.Adkins, Gallia App. No. 03CA27, 2004-Ohio-3627; citing Anders at 744; see, also, State v. Favors, 155 Ohio App.3d. 129, 2003-Ohio-5731,799 NE.2d 243, at ¶ 5. Relying on Anders, we noted in Adkins, supra, that counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal.Anders at 744; Favors at ¶ 5. Counsel must also do the following: (1) furnish the client with a copy of the brief and request to withdraw; and (2) allow the client sufficient time to raise any matters that the client chooses. Anders at 744. *Page 5 
 {¶ 8} Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if a meritorious issue exists. Id.; Favors at ¶ 7. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if the law so requires. Id.
 {¶ 9} Accordingly, we examine counsel's and Appellant's issues and the entire record below to determine if Appellant's appeal has merit. In the first issue for review presented in counsel's Anders brief, the Appellant argues that the trial court failed to conduct judicial factfinding in order to impose sentences beyond the minimum, concurrent sentences authorized by the jury verdict alone, as directed by former R.C. 2929.14(B)(2) and (E)(4). State v. Foster, supra, invalidated these specific code sections, rendering judicial factfinding prior to the imposition of more than minimum and consecutive sentences unnecessary. Were we to remand the Appellant's case to the lower court for judicial factfinding and resentencing, we would blatantly ignore the judgment handed down by the Supreme Court of Ohio in Foster. We decline to take such action. Therefore, the Appellant's first issue for review is not well taken. *Page 6 
 {¶ 10} In his second proposed error, the Appellant argues that his trial counsel's representation constituted ineffective assistance. In order to demonstrate ineffective assistance of counsel, an appellant must meet two requirements. First, an appellant must demonstrate that counsel's performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. Second, Appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced Appellant's defense, Appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, 538 N.E.2d 373. Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, supra, at 689. Further, debatable trial tactics do not constitute ineffective assistance of counsel. See State v. McNeill (1998), 83 Ohio St.3d 438,449, 700 N.E.2d 596.
 {¶ 11} A review of the transcript shows the Appellant's counsel below adopted a strategy that involved asking few questions on cross-examination. We must accord deference to defense counsel's strategic choices during trial, *Page 7 
and cannot examine the same through hindsight. Strickland, supra, at 689. Even assuming arguendo that we found it was error for counsel below to adopt such a strategy, there is not a reasonable probability that but for counsel's error, the outcome of the trial would have been different. Therefore, we overrule the Appellant's second issue for review.
 {¶ 12} In his third proposed error, the Appellant argues that the trial court erred by failing to dismiss count one of his indictment for burglary, as the Appellee failed to show all the essential elements of the crime. He contends that the Appellee did not prove that a person other than the accused was present or was likely to be present during the commission of the crime. The trial court denied his motion to dismiss count one based on the fact that someone could have been present in the structure but did not answer when the Appellant's co-defendant knocked on the door. Because the evidence introduced supports this theory, we find this to be a sound conclusion. Accordingly, we find that all the elements of count one were met and dismiss the Appellant's third proposed error.
 {¶ 13} In the first assignment of error of his pro se brief, the Appellant argues that Foster should apply to his case, as his initial appellate counsel's failure to file a notice of intent to appeal, noted by this court, forced his case to be prematurely final. Assuming arguendo that Foster applies to his case, *Page 8 
were we to remand for resentencing, the trial court judge would not need to make any particular findings in order to impose the sentence he imposed in the prior proceedings. Furthermore, the Appellant argues in a prior assignment of error that he was prejudiced by the trial court's failure to follow the pronouncements of R.C. 2929.14(C). The Appellant cannot have it both ways. Because we find his argument to be meritless, we accordingly overrule it.
 {¶ 14} In the second assignment of error advanced in his pro se brief, the Appellant argues that because the Appellee presented no evidence that an item was actually stolen from the church, this court should reverse his conviction for breaking an entering under count 17 of the indictment. R.C. 2911.13(A) provides "no person by force, stealth, or deception shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in Section 2913.01 of the Revised Code, or any felony." Thus, it does not require an actual theft as an element of the offense; it requires only that the person trespass in an unoccupied structure with purpose to commit any theft offense. The evidence submitted to the jury in the proceedings below clearly establishes that the Appellant had such purpose. Therefore, we overrule the Appellant's second assignment of error. *Page 9 
 {¶ 15} In the third assignment of error of his pro se brief, the Appellant argues that the trial court violated his due process rights when he was provided critical fingerprint evidence only two working days before the start of trial, allowing him little time to obtain expert testimony regarding the reliability of said evidence. Although it is true that the Appellant was presented said fingerprint evidence by means of an update to discovery on November 22, 2005, and trial commenced on November 28, 2005, the Appellant made no motion for a continuance to allow him to obtain an independent analysis of the fingerprint evidence, thus waiving his ability to assert the same as error in future proceedings. His third assignment of error is therefore overruled.
 {¶ 16} In the final assignment of error of his pro se brief, the Appellant argues he was arraigned without counsel, in violation of his due process rights. A review of the transcript of the arraignment shows that the Appellant had been appointed counsel, Frederick C. Fisher, Jr. Mr. Fisher's associate, attorney Mark McCown, appeared at the arraignment with the Appellant, but the Appellant did not want Mr. McCown to represent him, as Mr. McCown would not sign a contract the Appellant had demanded he sign. The Appellant admitted that the reason he was without counsel at the arraignment was that he couldn't get anybody to sign the contract. Thus, the *Page 10 
Appellant was actually appointed counsel, and counsel's associate was present with the Appellant to represent him at the arraignment. It was the Appellant who indicated he did not want appointed counsel or his associate to represent him, because neither would sign his contract. Under these circumstances, it was proper for the trial court to proceed with the arraignment, so that a bond could be set for the Appellant, as well as pre-trial proceedings. Furthermore, since a not guilty plea was entered on the Appellant's behalf, he was not prejudiced, and his rights were fully protected. We accordingly overrule the Appellant's fourth assigned error.
 {¶ 17} Upon our independent review of the record, we conclude that the Appellant's counsel has provided his client with a diligent and thorough search of the record and has appropriately concluded, as we do, that the proceedings below were free from prejudicial error. See Penson v.Ohio (1988), 488 U.S. 75, 109 S.Ct. 346; State v. Jordan, Vinton App. NO. 03CA583, 2004-Ohio-1064. Therefore, we find that no grounds exist to support a meritorious appeal. Accordingly, we affirm the judgment of the trial court and grant Attorney Smith's motion to withdraw as counsel of record herein.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1