DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, William J. Mitchell, appeals the decision of the Washington County Court of Common Pleas convicting him on two counts of breaking and entering and one count of theft of a firearm. Appellant's counsel, after reviewing the record, states he can find no meritorious claim for appeal and, pursuant to Anders v. California, requests permission to withdraw from the case. Counsel did, however, raise two *Page 2 
arguable issues for us to consider. The trial court potentially erred in: 1) not adequately protecting Appellant's right to counsel, and; 2) convicting Appellant when there was insufficient evidence that he committed breaking and entering. Because we find both potential assignments of error to be wholly frivolous, we grant counsel's request to withdraw and affirm the decision of the trial court.
 I. Facts {¶ 2} In September of 2006, Appellant was arrested for crimes committed at two adjacent businesses, a storage facility, which is comprised of approximately eighty individual storage units, and an auto shop. During late night or early morning hours, both establishments were broken into and numerous items were stolen from each. Appellant admitted to police in a taped confession that he and a group of three others were responsible for the break-ins.
 {¶ 3} At the storage facility, the perpetrators entered approximately half of the units. They used bolt cutters to cut the padlocks on the individual unit doors. In addition to the property which was stolen, many items were dragged out of the units and left on the surrounding grounds. Other items within the units were simply destroyed. Appellant admitted that he carried items stolen from the units and placed them into the group's vehicle. *Page 3 
 {¶ 4} The perpetrators gained access to the auto shop by pushing in a window air-conditioning unit. They stole numerous items from the shop, including a twenty-two caliber rifle. Appellant admitted to entering the auto shop, but stated he did not do so by force. He entered through the back door, which the others had opened after gaining access, instead of through the window. During his confession, he also claimed that while the others were stealing from the shop he sat in the building but did not participate in removing any items. Despite this claim, during initial questioning, he gave a round of .22 ammunition that had been taken from the shop to the interviewing officer. Another officer also stated that Appellant told him that some of the change in his pocket had been taken from the auto shop.
 {¶ 5} When they left the scene, two of the perpetrators drove the vehicle they came in, but Appellant and the other member of the group drove off in a car from the shop. Appellant claimed that the others told him the car belonged to them and that he did not immediately realize it was stolen. Appellant and the driver of the stolen vehicle abandoned it shortly after leaving the scene, when a police car attempted to pull them over.
 {¶ 6} Appellant was indicted on two counts of breaking and entering and one count of theft of a firearm with the specification that he was on post release control when he committed the offenses. The matter *Page 4 
came on for trial in May of 2007. After voir dire, Appellant told the court he no longer wished to be represented by counsel and that he wanted to proceed pro se. The trial court then advised Appellant of his rights and engaged him in a lengthy discussion regarding the ramifications of self-representation. The court gave Appellant two choices: 1) proceed with the trial and either represent himself or use the services of present appointed counsel, or; 2) ask for a continuance and new court-appointed counsel. Appellant opted for a continuance and new counsel, whereupon the trial court declared a mistrial and continued the action.
 {¶ 7} In July of 2007, trial was reconvened. Again, Appellant informed the court that he wished to represent himself. The court, again, explained Appellant's rights and the severe disadvantages of proceeding without counsel. After the court's warning, Appellant still stated he wished to represent himself and signed a waiver of counsel form to that effect. The case proceeded and the jury found him guilty on all three counts. The trial court sentenced him to one year on each count of breaking and entering, those sentences to be served concurrently. Appellant was also sentenced to three years for theft of a firearm, and one year for committing the offenses while on post-release control, those terms to be served consecutively with *Page 5 
the year for breaking and entering. Subsequent to sentencing, Appellant timely filed the current appeal.
 II. Anders Brief {¶ 8} Appellant's counsel has filed an Anders brief in this action. Under Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel may ask permission to withdraw from a case when he or she has conscientiously examined the record, can discern no meritorious claims for appeal and has determined the case to be wholly frivolous. Id. at 744; State v. Adkins, 4th Dist. No. 03CA27,2004-Ohio-3627, at ¶ 8. Counsel's request to withdraw must be accompanied with a brief identifying anything in the record that could arguably support the client's appeal. Anders at 744; Adkins at ¶ 8. Further, counsel must provide the client with a copy of the brief and allow sufficient time for him or her to raise any other issues, if the client chooses to do so. Id. Once counsel has satisfied these requirements, the appellate court must conduct a full examination of the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. Id. If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before *Page 6 
deciding the merits of the case. Anders at 744; State v. Duran, 4th Dist. No. 06CA2919, 2007-Ohio-2743, at ¶ 7.
 {¶ 9} In the current action, Appellant's counsel concludes the appeal is wholly frivolous and has asked permission to withdraw. Pursuant toAnders, Counsel has filed a brief raising two potential assignments of error for this court to consider. Counsel has also otherwise fulfilled the requirements of Anders. Appellant has not filed a pro se brief.
 III. Potential Assignments of Error {¶ 10} 1. THE TRIAL COURT DID NOT ADEQUATELY PROTECT MITCHELL'S RIGHT TO COUNSEL.
 {¶ 11} 2. THERE WAS INSUFFICIENT EVIDENCE THAT MITCHELL COMMITTED BREAKING AND ENTERING
 IV. First Arguable Assignment of Error {¶ 12} Appellant represented himself during trial. Appellant's counsel contends that the trial court may not have taken adequate measures to protect Appellant's right to counsel. For the following reasons we find that the trial court fully appraised Appellant of his right to counsel and that Appellant knowingly, intelligently and voluntarily waived that right.
 {¶ 13} Both the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee the right to counsel in criminal proceedings that may result in jail terms. Statev. Wellman (1974), 37 Ohio St.2d 162, 171, 66 O.O.2d 353, 309 NE.2d 915; *Page 7 State v. Wilkerson, 4th Dist. Nos. 06CA749, 06CA750, 06CA751,2008-Ohio-398, at ¶ 9. Pursuant to CrimR. 44(C): "Waiver of counsel shall be in open court and the advice and waiver shall be recorded * * *. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 14} The Supreme Court of Ohio has stated: "* * * [I]n the case of a "serious offense" as defined by CrimR. 2(C), when a criminal defendant elects to proceed pro se, the trial court must demonstrate substantial compliance with Crim.R. 44(A) by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel." State v. Martin,103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at ¶ 39. CrimR 44(A) provides: "Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him * * *, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel."
 {¶ 15} We have stated that there is no single test to determine if a defendant has knowingly, intelligently and voluntarily waived the right to counsel. State v. Doyle, 4th Dist. No. 04CA23, 2005-Ohio-4072, at ¶ 10. "Because of the differing tests and evolving standards, Ohio courts have typically rejected application of a rote and mechanistic checklist of factors. *Page 8 
Instead, Ohio looks to see if the totality of circumstances demonstrate a voluntary, knowing and intelligent waiver of the Sixth Amendment right to counsel." Id. at ¶ 11. In Wellston v. Horsley, 4th Dist. No. 05CA18,2006-Ohio-4386, we held the totality of the circumstances demonstrated that the appellant had voluntarily, knowingly and intelligently waived his right to counsel, even though the trial court "may not have explained the exact nature of the charges or the possible defenses."Wellston at ¶ 14.
 {¶ 16} In the case sub judice, the trial court extensively advised Appellant, both in the original May proceeding and during the July retrial, of the dangers of self-representation. The court first asked Appellant if he understood that he had a constitutional right to counsel and that everyone charged with a crime should have a lawyer to represent them. Second, the court asked him if he understood it was "a dangerous course of action to proceed to trial without a lawyer." Third, the court asked if Appellant understood that seven years could be imposed in his case, plus additional time due to a violation of post-release control. Fourth, the court asked if he understood that he would be held to the same standards as an attorney, that he would have to adhere to the rules of evidence and procedure, and that he lacked the skills of an attorney and, as such, might not be able to present an adequate defense. Fifth, the court asked if Appellant understood that, if he *Page 9 
represented himself, he would have no grounds for an appeal based on ineffective assistance of counsel and that his failure to object to other issues during trial would result in waiving those grounds on appeal. Appellant unequivocally and repeatedly stated that he understood these facts and that he still wanted to proceed pro se. In fact, he informed the court that he had taken cases to trial before and been successful.
 {¶ 17} In the court's final admonition, the following exchange took place:
Court: You understand that the Court considers this to be one of the dumbest moves you could make, and I strongly urge you to use the services of [counsel] * * *, who can advise you as to all the matters which you will be floundering around with today, if you attempt to represent yourself? Do you understand that?
Defendant: Yes, Your Honor.
The Court: You understand that by doing what you're doing, you will be waiving objections to evidence, you will be waiving procedural errors which are not adequately brought to the attention of the Court, and you will, in effect, be losing any possibility of winning this case on appeal if you are convicted? Do you understand that?
Defendant: Yes.
The Court: And do you understand that the Court is advising you strongly not to do what you are telling me you want to do?
 Defendant: Yes. If I lose, then it's of my own accord then. *Page 10 
 {¶ 18} The court then provided a waiver form to Appellant's counsel and directed him to go over the form with Appellant. After reviewing the document, Appellant signed the waiver of counsel in open court. The court ordered counsel to remain in the courtroom during the proceedings as standby counsel. Further, the court informed Appellant that if he changed his mind the court would, at any time, have counsel come forward and resume his representation. At least three additional times during the course of the trial, and once during sentencing, the court asked Appellant if he wanted the assistance of counsel. Appellant declined each time.
 {¶ 19} The trial court clearly and exhaustively informed Appellant of the disadvantages and dangers inherent in self-representation. It made sure he understood the trial process and that he would have to abide by the rules of evidence and procedure. The court also told Appellant in the strongest terms that it was a mistake to represent himself. After Appellant unequivocally and repeatedly stated that he understood the court's warnings, the court honored his constitutional right to self-representation. It is true that the trial court did not specifically advise Appellant of possible defenses or mitigating circumstances, but as this court and others have held, that alone is not sufficient to prevent a voluntary, knowing and intelligent waiver. *Page 11 Wellston at ¶ 14; Doyle at ¶ 17; City of Akron v. Ragle, 9th Dist. No. 22137, 2005-Ohio-590, at ¶ 12.
 {¶ 20} In light of the foregoing and considering the totality of the circumstances, we find that Appellant voluntarily, knowingly and intelligently waived his right to counsel. As such, Appellant's first arguable assignment of error is without merit.
 V. Second Arguable Assignment of Error {¶ 21} Appellant's second arguable assignment of error is there was insufficient evidence to demonstrate that he committed the offense of breaking and entering. Breaking and entering is defined by R.C.2911.13(A): "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense * * *." Appellant's arguable assignment of error is that he did not enter the auto shop by the "force, stealth or deception" necessary to constitute breaking and entering.
 {¶ 22} In his confession, Appellate stated that though his accomplices gained access to the auto shop by pushing in the window air-conditioning unit, he neither witnessed the break-in nor entered through the window. Instead, he entered the auto shop through the back door which the others had unlocked. Because he may not have used force to enter the *Page 12 
building, in order to be convicted of breaking and entering, Appellant had to have entered the building by stealth or deception.
 {¶ 23} "Stealth involves a secret, sly, or clandestine act to avoid discovery and gain entrance into or remain within a structure of another without permission." In re Carter, 4th Dist. Nos. 04CA15, 04CA16,2004-Ohio-7285, at ¶ 24. In Carter, we found though there was no evidence to indicate the defendant entered an establishment by force or deception, entering unannounced and under the cover of darkness was enough for a jury to find he entered by stealth. Carter at ¶ 26. Other Ohio courts have found similarly. See, e.g., State v. Biddlecom (Aug. 6, 2000), 8th Dist. No. 76087; State v. Montgomery (May 8, 1995), 12th Dist. No. CA94-09-082; State v. Reeves (March 12, 1999), Montgomery App. No. 16987.
 {¶ 24} Here, though claiming he did not use force to enter the building, Appellant admitted he entered the auto shop immediately after participating in the break-in at the storage facility. He entered a closed business establishment without permission, in the middle of the night, in the company of others who had forced entry. As such, there was sufficient evidence that he entered the building by stealth and committed the offense of breaking and entering. Appellant's second arguable assignment of error is also without merit. *Page 13 
 VI. Conclusion {¶ 25} After conducting a full and independent examination of the record and the proceedings below, we agree with Appellant's counsel that there are no meritorious issues upon which to base an appeal. Having reviewed Appellant's two potential assignments of error and having found the appeal to be wholly frivolous, we hereby grant Appellant's counsel's motion to withdraw and affirm judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 14 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and Kline, J.: Concur in Judgment and Opinion. *Page 1