[Cite as *State v. Inman*, 2011-Ohio-3438.]

IN THE COURT OF APPEALS OF OHIO

FOURTH APPELLATE DISTRICT

ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.   10CA3176 |
| vs. | : | |
| DONALD F. INMAN, III, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:  Thomas M. Spetnagel, Spetnagel & McMahon, 42 East Fifth Street, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:    Matthew S. Schmidt,[1]  Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

_____CRIMINAL

APPEAL FROM COMMON PLEAS COURT

DATE JOURNALIZED: 6-30-11

ABELE, J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence.      Donald F. Inman, III, defendant below and appellant herein, pled guilty to (1) possession of marijuana in violation of R.C. 2925.11, and (2) cultivation of marijuana in violation of R.C. 2925.04.      Appellant assigns the following error for review:

"APPELLANT WAS DENIED NOTICE OF HIS RIGHT TO AN APPEAL AND/OR NOTICE

---

[1] Michael M. Ater, former Ross County Prosecuting Attorney, now serves as a Ross County Common Pleas judge.

OF THE PROCEDURES AND TIME LIMITS INVOLVED IN PROCEEDING WITH AN APPEAL, INCLUDING, BUT NOT LIMITED TO, HIS RIGHT TO HAVE ASSISTANCE OF APPOINTED COUNSEL FOR THE APPEAL AS REQUIRED BY CRIMINAL RULE 32(B)."

**{¶ 2}** On February 6, 2009, the Ross County Grand Jury returned an indictment that charged appellant with the aforementioned offenses. He initially pled not guilty, but later pled guilty. The trial court accepted his plea and at sentencing merged the two counts and imposed a mandatory eight year prison term. No immediate appeal was taken from that judgment.

**{¶ 3}** Subsequently, appellant filed (1) a pro se motion for leave to file a delayed appeal; and (2) an actual Notice of Appeal contemporaneously with his motion. We granted appellant's motion and the matter is properly before us for review.

**{¶ 4}** Appellant asserts that the trial court erred by not informing him of his appeal rights at the sentencing hearing. As a result, he reasons, his "sentence must be reversed." The prosecution counters that the trial court gave appellant the requisite notice in the petition to enter guilty plea, which appellant in fact signed. We believe, however, that any error that involves informing appellant of his right to appeal has been rendered moot. Appellant's App.R. 5(A)(1)(a) successful motion for delayed appeal remedied any alleged defect. Likewise, any errors that do not affect a substantial right must be disregarded. See Crim.R. 52(B). We do not believe that appellant suffered any prejudice after we granted his motion for a delayed appeal.

**{¶ 5}** Second, sound policy considerations weigh against appellant's argument. The only error that appellant alleges has been rendered harmless by granting appellant's request for a delayed appeal. We see nothing to be gained by a re-sentencing when appellant has not challenged the propriety of his conviction or his actual sentence. Generally, appellate courts must act to preserve scarce judicial resources. See State v. Kleekamp, Montgomery App. No. 23533, 2010-Ohio-1906, at ¶99; State v. Wooten (Apr. 16, 1983), Athens App. No. 1284 (Stephenson, P.J., Dissenting).

**{¶ 6}** With respect to appellant's claim that his actual judgment of conviction should be reversed because of the alleged failure to inform him of his appeal rights, appellant cites no authority that precisely addresses that issue and we have found none in our research. We, however, are disinclined to accept appellant's invitation to reverse his judgment of conviction when we have remedied the alleged error that forms the basis of his complaint. Accordingly, based upon the foregoing reasons we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee to recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.