[Cite as *State v. Character*, 2011-Ohio-3972.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 93765

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEA L. CHARACTER

DEFENDANT-APPELLANT

---

### JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-516633-A
Application for Reopening
Motion No. 439732

**RELEASE DATE:**     August 11, 2011

**FOR APPELLANT**

Dea L. Character, pro se
Inmate No. 075852
NEPRC (Unit J)
2675 East 30th Street
Cleveland, Ohio 44115


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY: T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} On December 1, 2010, the applicant, Dea Character, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State of Ohio v. Dea Character,* Cuyahoga App. No. 93765, 2010-Ohio-4128, in which this court affirmed her convictions and sentences for one count of engaging in a pattern of corrupt activity, five counts of theft by deception, and five counts of money laundering.[1] Character now argues that her

---

[1] Initially, Character faced a 56-count indictment, including multiple counts of engaging a pattern of corrupt activity, theft by deception, money laundering, securing records by deception, falsification, telecommunications fraud, forgery, and receiving stolen property. She and her lawyers arranged a plea agreement under which she would plead guilty to the above-listed counts and pay $318,000 in restitution. The trial court sentenced her to an aggregate sentence of four years by running all the sentences concurrently. All of these counts arose out of a scheme of mortgage fraud involving multiple properties.

appellate counsel was ineffective for not arguing the following: (1) the trial court denied her constitutional rights to a fair trial, due process, and equal protection by allowing the state knowingly to introduce misleading or false testimony, statements or information and to withhold exculpatory evidence that misled the court; (2) ineffective assistance of trial counsel for not detecting defects in the indictments; (3) the trial court abused its discretion and showed bias by sentencing Character on a higher level of felony than the evidence and record supported and contrary to the sentencing guidelines; (4) the trial court erred when it failed to notify Character of a mandatory term of postrelease control at the change of plea hearing or at the sentencing, and thus, rendered the plea involuntary; (5) the trial court erred by failing to notify her of her right to appeal; and (6) the trial court erred in imposing restitution without a required hearing. On January 3, 2011, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768; and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 3} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too

tempting for a defendant to second guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S.Ct. at 2065.

{¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The Court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Ohio Supreme Court reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 6} Character's first claim, that the trial court denied her constitutional rights by allowing the state to introduce misleading or false testimony, material, or information or to withhold exculpatory evidence, is not well taken. First, Character does not specify what testimony, information, statements, or exculpatory evidence are at issue, much less where in the record it could be found. Without that information, this court cannot examine, much less determine, whether appellate counsel should have argued admissibility, discovery error, or other issue, and whether there was prejudice. Moreover, this argument appears to be a variant on what appellate counsel did argue, that trial counsel was ineffective for failing to prepare and introduce exculpatory evidence. This court rejected the argument because Character "pointed to no specific evidence to show that she would have been acquitted, received a more favorable plea deal, or received a lesser sentence had counsel had more time to prepare." *Character*, 2010-Ohio-4128, ¶28. Finally, Character pleaded guilty to the counts, and admitted that she was in fact guilty. (Tr. Pg. 19.)

**{¶ 7}** Character's second claim is that trial counsel was ineffective for not arguing that the indictments did not charge the correct degree of crimes and had other defects. Again, this argument is not persuasive because Character does not specify the defects in the indictments. Without that information, this court cannot evaluate the merits of the argument. Furthermore, a review of the indictments and the corresponding statutes indicate that the indictments follow the statutes and charge the proper degree of the offense. Finally, "[a]n unqualified plea of guilty * * * bars further consideration of all but the most fundamental premises for the conviction. * * *." *Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 171, 495 N.E.2d 581.

**{¶ 8}** Character next argues that the trial court erred and abused its discretion and showed bias by sentencing her based on a higher level of felony than the evidence and record supported, by not following the statutory sentencing guidelines, and by basing the testimony on improper and prejudicial evidence. However, the parties all agreed on the degree of the charges, and the sentences imposed fell within the statutory range for those offenses. Thus, the sentences came within the principles announced in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. A review of the record establishes that the trial court carefully considered multiple factors, including the harm done to the victims and Character's abuse of her role of trust as an attorney, in imposing the sentence. Thus, it is understandable why appellate counsel, in the exercise of professional judgment, did not argue the four-year aggregate sentence.

{¶ 9} Character's next argument that her guilty plea and sentence were void because the trial court did not explain mandatory postrelease control during the change of plea hearing and the sentencing is baseless. The trial court explained postrelease control during those hearings. Specifically, as to the mandatory nature of postrelease control, the trial court stated: "On the felony one it has to be for five years. There can be no reduction." (Tr. Pg. 14.) During the sentencing hearing, the trial court explained postrelease control while one of the victims made a statement. (Tr. Pgs. 44-46.) Although the trial court did not repeat the terms of postrelease control to Character during the morning sentencing hearing on July 14, 2009, the trial court did explain it again to her during an afternoon session on the same day.

{¶ 10} Character also tries to argue that her plea and sentence are void because the trial court did not explain her right to an appeal. However, Character timely filed her notice of appeal. Thus, there is no prejudice, and this claim is ill-founded. *State v. Inman*, Ross App. No. 10CA3176, 2011-Ohio-3438.

{¶ 11} Finally, Character argues that the trial court erred by imposing restitution without a required hearing. However, restitution of $318,000 was part of the plea agreement, and she stipulated to the amount. *In State v. Hody*, Cuyahoga App. No. 94328, 2010-Ohio-6020, this court ruled: "the state and defense entered into a stipulation as to the amount of restitution. The parties' stipulation to the amount of restitution served as sufficient basis to support the trial court's order and precludes defendant from complaining about it now on appeal." ¶25. *State v. Sancho*, Cuyahoga

App. No. 91903, 2009-Ohio-5478; *State v. Speweike*, Wood App. No. L-10-1198, 2011-Ohio-493; *State v. Wickline*, Logan App. No. 8-10-20, 2011-Ohio-3004; and *State v. Rosebrook,* Logan App. No. 8-05-07, 2006-Ohio-734. Furthermore, R.C. 2929.18(A)(1) provides that no hearing is necessary unless the offender, victim, or survivor disputes the amount. A review of the record shows that no one disputed the amount. Therefore, Character's argument on restitution is not persuasive.

{¶ 12} Accordingly, this court denies the application to reopen.


FRANK D. CELEBREZZE, JR., JUDGE

KENNETH A. ROCCO, P.J., and
JAMES J. SWEENEY, J., CONCUR