[Cite as *State v. Thompson*, 2012-Ohio-3188.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case Nos. 10CA5 & 10CA13 |
| | : | |
| vs. | : | **Released: July 6, 2012** |
| | : | |
| DANNY W. THOMPSON, II, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

John A. Bay, Bay Law Office, L.L.C., Columbus, Ohio, for Appellant.[1]

James E. Schneider, Washington County Prosecuting Attorney, and Alison
L. Cauthorn, Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.
_____

Per Curiam:

{¶1} This is a consolidated appeal from a Washington County Court
of Common Pleas judgment entry issued after holding a re-sentencing
hearing in order to properly impose a mandatory five-year term of post
release control (10CA5) and a subsequent journal entry denying Appellant's
petition for post-conviction relief (10CA13). In case number 10CA5,
Appellant raises twelve combined assignments of error both pro se and
through counsel, which are set forth infra. As to the first assignment of error
raised by counsel, we conclude that the trial court erred in reclassifying

---

[1] Appellant has also filed two pro se briefs in this consolidated appeal.

Appellant under Ohio's Adam Walsh Act during the re-sentencing hearing. Accordingly, this assignment of error is sustained, this portion of the trial court's decision is reversed, and the matter is remanded to the trial court with instructions to reinstate Appellant's original sex offender classification.

{¶2} With respect to the second assignment of error raised by counsel, as we conclude that the re-sentencing entry is a final, appealable order despite its failure to state the "manner of conviction," this assignment of error is overruled. Further, with regard to Appellant's first and second pro se assignments of error, in light of our conclusion that Appellant was properly re-sentenced in accordance with *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, both of these assignments of error are overruled. As Appellant's third, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error all raise issues stemming from the trial proceedings, they are barred by res judicata and we do not address them. Finally, because Appellant suffered no prejudice as a result of the trial court's failure to advise him of his right to appeal, the trial court's failure to do so is harmless and Appellant's tenth pro se assignment of error is overruled.

{¶3} In case number 10CA13, Appellant raises two assignments of error, one of which is raised pro se and the other through counsel. Counsel filed an "Anders brief" on Appellant's behalf with one assignment of error

contending that the trial court erred by conducting a re-sentencing hearing because the State of Ohio failed to exercise its appeal as of right regarding the trial court's failure to impose mandatory five-year post release control, thereby forfeiting its right to such hearing. Further, in his pro se brief, Appellant contends that the trial court erred by dismissing his petition when it failed to inform him of his constitutional right to appeal, to counsel, and documents at state's expense after re-sentencing him for a post release control error. Because we find no merit to either the Anders assignment of error, or the pro se assignment of error, the decision of the trial court denying Appellant's petition for post conviction relief is affirmed, and counsel's motion to withdraw is hereby granted.

{¶4} Accordingly, case number 10CA5 is affirmed in part, reversed in part, and remanded in part. Further, case number 10CA13 is affirmed.

FACTS

{¶5} Appellant was convicted by a jury of three counts of unlawful sexual conduct with a minor, each third degree felonies in violation of R.C. 2907.04(A) and (B)(3), and was sentenced on May 22, 2006. At that time, Appellant was classified as a sexually oriented offender. The sentencing entry issued on May 31, 2006, did not properly impose a mandatory five-year term of post release control. Subsequently, after a direct appeal and several post-conviction motions, Appellant was returned to the trial court for

a re-sentencing hearing on January 21, 2010, in order that the trial court could properly impose a mandatory five-year term of post release control, which it did by re-sentencing entry filed on January 27, 2010. As part of the re-sentencing process, the trial court reclassified Appellant, under Ohio's Adam Walsh Act, as a tier II sexual offender. Appellant's direct appeal from the re-sentencing entry followed, as evidenced in case number 10CA5.

{¶6} Appellant also filed a motion for post-conviction relief in the trial court, which was denied without a hearing on April 21, 2010. Appellant has also appealed the denial of his motion for post-conviction relief, as evidenced in case number 10CA13. These appeals have been consolidated and together raise the following assignments of error.

CASE NO. 10CA5 ASSIGNMENTS OF ERROR

BY COUNSEL

"I.     THE TRIAL COURT ERRED BY RECLASSIFYING MR. THOMPSON UNDER OHIO'S ADAM WALSH ACT'S R.C. 2950.031 AND 2950.032 WHEN HE HAD ALREADY BEEN CLASSIFIED BY COURT ORDER UNDER FORMER LAW.

II.    THE TRIAL COURT ERRED BY FAILING TO ISSUE A JOURNAL ENTRY IN COMPLIANCE WITH *STATE V. BAKER* (2008), 119 OHIO ST.3D 197 AND CRIM.R. 32(C)."

PRO SE

"I.     APPELLANT CONTENDS HIS CONSTITUTIONAL RIGHT TO BE SENTENCED IN A TIMELY MANNER WAS VIOLATED BY THE TRIAL COURT FAILING TO DISMISS PROSECUTORS CASE GIVEN THE UNREASONABLE DELAY IN SENTENCING

APPELLANT ON FELONY CHARGES, THUS, COMMITTING PLAIN ERROR AND REMOVING JURISDICTION.

II.  APPELLANT CONTENDS THAT THE TRIAL COURT ERRED BY NOT HOLDING A PROPER RESENTENCING HEARING DE NOVO AFTER PLACING APPELLANT ON POST RELEASE CONTROL, BUT ONLY SUPPLEMENT THE PROCEEDINGS.

III.  COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO CHALLENGE FOR CAUSE A JUROR WHO TESTIFIED THAT THE ALLEGED VICTIM STAYED AT HIS HOME OVERNIGHT WITH HIS OWN TEENAGE DAUGHTER.

IV.  TRIAL COUNSEL WAS INEFFECTIVE FOR ALLOWING INADMISSIBLE HEARSAY WHICH MATERIALLY EFFECTED THE APPELLANTS RIGHT TO A FAIR TRIAL.

V.  TRIAL COUNSEL FAILED TO OBJECT TO IMPROPER QUESTIONING BY THE PROSECUTOR OF THE LEAD DETECTIVE THUS VIOLATING THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONST.

VI.  APPELLANT WAS PREJUDICED BECAUSE OF THE TESTIMONY OF A LAY WITNESS AND A NON EXPERT WITNESS REGARDING THEIR OPINION OF THE VERACITY OF THE STATEMENT OF A CHILD DECLARANT AND CONSTITUTES PLAIN ERROR AS A MATTER OF LAW.

VII.  THE PROSECUTION TEAM DENIED APPELLANT DUE PROCESS OF LAW IN ACCORDANCE WITH THE FIFTH AMENDMENT BY VIOLATING APPELLANTS FOURTH AMENDMENT RIGHT WHEN DENYING CERTAIN MIRANDA RIGHTS.

VIII.  APPELLANTS CONVICTION WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE AGAINST THE MANIFEST WEIGHT OF EVIDENCE THEREBY VIOLATING HIS RIGHTS TO DUE PROCESS PURSUANT TO §10 ARTICLE 1 OF THE OHIO CONSTITUTION AND THE 5TH AND 6TH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

IX.    PROSECUTOR RINGS KNOWINGLY MISREPRESENTATION OF THE TRUTH OR CONCEALMENT OF THE MEDICAL RECORDS BY INDUCING DEFENSE COUNSEL INTO BELIEVING THE RECORDS WERE IMMATERIAL VIOLATED APPELLANTS RIGHT TO A FAIR TRIAL IN ACCORDANCE WITH ARTICLE 1, SECTION X OF THE OHIO CONSTITUTION AND THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

X.    THE TRIAL COURT ERRED WHEN IT FAILED TO APPOINT COUNSEL FOR DIRECT APPEAL OF RIGHT FOLLOWING RESENTENCING TO CORRECT VOID SENTENCE, THEREBY DENYING APPELLANT DUE PROCESS AND EQUAL PROTECTION OF LAW IN VIOLATION OF THE FIFTH, AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE IV, SECTION 3 OF THE OHIO CONSTITUTION."

CASE NO. 10CA13 ASSIGNMENTS OF ERROR

BY COUNSEL (ANDERS BRIEF)

"I.    THE TRIAL COURT ERRED BY CONDUCTING A RESENTENCTING HEARING BECAUSE THE STATE OF OHIO FAILED TO EXERCISE ITS APPEAL OF RIGHT REGARDING THE TRIAL COURT'S FAILURE TO IMPOSE MANDATORY FIVE YEAR PERIOD OF POST RELEASE CONTROL, THEREBY FORFEITING ITS RIGHT TO SUCH HEARING."

PRO SE

"I.    THE TRIAL COURT ERRED BY DISMISSING THE APPELLANTS PETITION WHEN IT FAILED TO INFORM APPELLANT OF HIS CONSTITUTIONAL RIGHT TO APPEAL, TO COUNSEL, AND DOCUMENTS AT STATE'S EXPENSE AFTER RESENTENCING FOR A POST RELEASE CONTROL ERROR, THUS, VIOLATING HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF LAW UNDER BOTH THE OHIO AND UNITED STATES CONSTITUTION, AND CRIMINAL RULE 32 OF THE REVISED CODE."

CASE NO. 10CA5 LEGAL ANALYSIS

BRIEF BY COUNSEL

{¶7} For ease of analysis, we address the assignments of error raised by Appellant's court appointed appellate counsel out of order.  In his second assignment of error, Appellant, through counsel, contends that the trial court erred by failing to issue a journal entry compliant with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and Crim.R. 32(C). Appellant's argument is based upon the trial court's failure to include the "manner of conviction" in the journal entry.

{¶8} A review of the record reveals that the re-sentencing entry does not mention the jury verdicts.  Instead the entry states that Appellant "appeared in open court, and was found Guilty of three counts of Unlawful Sexual Conduct with a minor[.]"  Recently, in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Supreme Court of Ohio held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." Id. at syllabus.   As set forth above, Appellant's journal entry contained these elements. The fact that it failed to set forth the "manner of conviction" does not affect its finality. Id. at ¶ 12.

As further explained  in *Lester*:

Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form. In this regard, the identification of the particular method by which a defendant was convicted is merely a matter of orderly procedure rather than of substance. A guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial explains how the fact of a conviction was effected. Consequently, the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C).  Id.

Thus, in light of the recent holding in *Lester*, we conclude that the re-sentencing entry is a final, appealable order.[2]  Accordingly, Appellant's second assignment of error is overruled.

---

[2] In so holding, we further note that *State v. Lester* provides in ¶ 16 that "if a judgment entry of conviction does not indicate how a defendant's conviction was effected, * * * and if it is not corrected sua sponte, * * * a party may obtain a correction to the judgment entry by a motion filed with the trial court to correct the judgment of conviction.  See Crim.R. 36, in conjunction with Crim.R. 57(B) and 47 and Civ.R. 7(B)."

{¶9} In his first assignment of error raised by counsel, Appellant contends that the trial court erred by reclassifying him under Ohio's Adam Walsh Act when he had already been classified by court order under former law. The State concedes that the trial court erred in reclassifying Appellant and agrees that Appellant's former status as a sexually oriented offender should be reinstated. Based upon the following, we agree.

{¶10} In *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 the N.E.2d 753, Supreme Court of Ohio held that defendants who had been classified as sex offenders under former law could not be reclassified under the Adam Walsh Act. Id. at paragraphs two and three of the syllabus. As a result, the Court struck the sections of the Ohio Revised Code that instructed the attorney general to reclassify sex offenders, and held "that the reclassifications of sex offenders by the attorney general are invalid, and reinstate[d] the prior judicial classifications of sex offenders." Id. at ¶ 2. Further, in *In Re Sexual Offender Reclassification Cases*, 126 Ohio St.3d 322, 2010-Ohio-3753, 933 N.E.2d 801, at ¶ 139, the Supreme Court of Ohio held the proper remedy to be reinstatement of the offender's original sexual offender classication.

{¶11} Based upon the rationale of *Bodyke*, Appellant's first assignment of error is sustained. Further, Appellant's reclassification as a tier II sexual offender is reversed and this matter is remanded to the trial court with instructions to reinstate Appellant's original sex offender classification. *In re Sexual Offender Reclassification Cases* at ¶ 139.

PRO SE BRIEF

ASSIGNMENT OF ERROR I

{¶12} In Appellant's first pro se assignment of error under Case No. 10CA5, Appellant contends that his constitutional right to be sentenced in a timely manner was violated by the trial court failing to dismiss the prosecutor's case given the unreasonable delay in sentencing, which he claims resulted in plain error and lack of jurisdiction by the court. We disagree.

{¶13} The Supreme Court of Ohio recently provided in *State v. Fischer*, supra, at paragraph one of the syllabus, that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, *and may be reviewed at any time*, on direct appeal or by collateral attack. (Emphasis added). Thus, regardless of the delay between Appellant's convictions and sentencing, Appellant's resentencing was appropriate. Further, as *Fischer*

noted, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. Id. at ¶ 26. (footnote omitted). As such, only the incorrect imposition of postrelease control was void, while all other aspects of the sentence remained intact. Accordingly, Appellant's first pro se assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶14} In his second pro se assignment of error, Appellant contends that the trail court erred by only supplementing the proceedings and not holding a de novo re-sentencing hearing. However, based upon the holding in *State v. Fischer*, supra, we disagree.

{¶15} In *Fischer*, at paragraph one of the syllabus, the Supreme Court of Ohio reaffirmed that a sentence that failed to include the statutorily required post release control term is void. However, the only part of the sentence that is "void" is the portion that fails to comply with the requirements of post release control statutes. As already mentioned above, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶ 26. But "the new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control." Id. at ¶ 29.

{¶16} Thus, after *Fischer*, "it is clear that a trial court need not conduct a 'de novo' sentencing hearing, and instead must simply re-sentence an appellant by reimposing the original sentence, and by adding the proper post release control notification." *State v. Hawk*, Athens App. No. 10CA50, 2011-Ohio-4577, ¶ 13. With the exception of the sexual offender reclassification, which we have already addressed, this is what the trial court did. As such, we cannot conclude that the trial court erred. Accordingly, Appellant's second pro se assignment of error is overruled.

## ASSIGNMENTS OF ERROR III – IX

{¶17} Appellant's third, fourth, fifth, six, seventh, eighth and ninth assignments all stem from claimed errors that occurred during trial. However, the scope of this appeal is limited to issues arising at the re-sentencing hearing, which we have already addressed. *State v. Fischer*, at paragraph four of the syllabus. Res judicata applies to all other aspects of the merits of the conviction, including the determination of guilt and the lawful elements of the ensuing sentence. *Fischer* at paragraph three of the syllabus. Accordingly, we reject Appellant's third through ninth assignments of error.

## ASSIGNMENT OF ERROR X

{¶18} In his tenth pro se assignment of error, Appellant contends that the trial court erred when it failed to appoint counsel for his direct appeal from his re-sentencing. Appellant further argues in the body of this assignment of error that he was not advised of his appellate rights at all during his re-sentencing hearing, as required by Crim.R. 32(B). Although Crim.R. 32(B) does in fact obligate the trial court to notify defendants of their right to appeal their convictions, as well as their right to have counsel appointed in the event they cannot afford counsel, because Appellant has filed the within appeal, and was appointed counsel in relation thereto, he has suffered no prejudice as a result of the trial court's error. *State v. Inman*, Ross App. No. 10CA3176, 2011-Ohio-3438, ¶ 4. Thus, although the trial court erred in failing to provide these notifications at Appellant's re-sentencing hearing, the error was harmless. Id. at ¶ 5.[3] Accordingly, Appellant's tenth pro se assignment of error is overruled.

CASE NO. 10CA13 LEGAL ANALYSIS

ANDERS BRIEF BY COUNSEL AND PRO SE BRIEF

{¶19} Appellant's counsel has filed an Anders brief in this action. Under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, counsel may ask permission to withdraw from a case when counsel has conscientiously examined the record, can discern no meritorious claims for

---

[3] Although the error was harmless and Appellant suffered no prejudice, because this matter is being remanded with instructions for the trial court to reinstate Appellant's original sex offender classification, it would be prudent for the trial court to provide these notifications at that time.

appeal, and has determined the case to be wholly frivolous. Id. at 744; *State v. Adkins*, Gallia App. No. 03CA27, 2004-Ohio-3627, at ¶ 8. Counsel's request to withdraw must be accompanied with a brief identifying anything in the record that could arguably support the client's appeal. *Anders* at 744; *Adkins* at ¶ 8. Further, counsel must provide the defendant with a copy of the brief and allow sufficient time for the defendant to raise any other issues, if the defendant chooses to do so. Id.

{¶20} Once counsel has satisfied these requirements, the appellate court must conduct a full examination of the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. Id. If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Anders*, 386 U.S. at 744; *State v. Duran*, Ross App. No. 06CA2919, 2007-Ohio-2743, at ¶ 7.

{¶21} In the current action, Appellant's counsel concludes the appeal is wholly frivolous and has asked permission to withdraw. Pursuant to *Anders*, counsel has filed a brief raising one potential assignment of error for this court to consider.  The potential assignment of error contends that the trial court erred by conducting a re-sentencing hearing because the State of

Ohio failed to exercise its appeal of right regarding the trial court's failure to impose mandatory five-year post release control, thereby forfeiting its right to such a hearing. Appellant's counsel notes that Appellant raised this argument in his motion for post conviction relief, which was denied by the trial court.

{¶22} We agree with Appellant's counsel that an appeal based upon this question alone would be wholly frivolous. As noted above, the Supreme Court of Ohio recently provided in *State v. Fischer*, supra, at paragraph one of the syllabus, "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, *and may be reviewed at any time*, on direct appeal or by collateral attack. (Emphasis added).

{¶23} Here, Appellant's original sentence did not properly impose a mandatory five-year term of post release control. The State filed a motion to return Appellant for a re-sentencing hearing on December 8, 2009, and Appellant was re-sentenced on January 21, 2010. At the re-sentencing hearing the trial court, among other things,[4] imposed a mandatory five-year term of post release control and a re-sentencing entry issued on January 27, 2010, reflected this. We believe that the holding in *Fischer* authorizes such procedure and we find no error by the trial court. As such, we find this

---

[4] Appellant has alleged additional errors by the trial court in the direct appeal from his re-sentencing, which we have already addressed above under case number 10CA5.

potential assignment of error to be wholly frivolous.  However, because Appellant has also raised a pro se assignment of error, our analysis does not end here.

{¶24} In his pro se brief, Appellant contends that the trial court erred in dismissing his petition for post conviction relief when the court failed to inform him of his constitutional right to appeal, to counsel, and documents at state's expense after re-sentencing for a post release control error.  The State's brief does not address this issue raised by Appellant.

{¶25} If a petition for post conviction relief does not allege facts which, if proved, would entitle the prisoner to relief, the trial court may so find and summarily dismiss the petition. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph two of the syllabus.  Here, Appellant has failed to allege facts in his petition for post conviction relief that entitle him to relief.  Appellant's petition for post conviction relief alleges that, at the January 21, 2010, resentencing hearing, the trial court failed to notify him of his right to appeal as well as his right to court appointed counsel.  Under Crim.R. 32(B), a trial court is required to notify the defendant of his appellate rights.  Following the January 21, 2010, re-sentencing hearing, the trial court issued its January 27, 2010, entry.  Appellant timely appealed the January 27, 2010, entry, which created case number 10CA5.  Appellant also filed an appeal from the trial court's later denial of his petition for post

conviction relief, which created case number 10CA13. (We have consolidated case number 10CA5 and case number 10CA13.)

{¶26} The record demonstrates that we ultimately appointed counsel to represent Appellant on appeal for both case number 10CA5 and case number 10CA13. Therefore, even assuming the trial court failed to notify Appellant of his appellate rights as required under Crim.R. 32(B), Appellant has not suffered any prejudice. See *State v. Thomas*, Cuyahoga App. No. 94788, 2011-Ohio-214, ¶ 38 ("Although the trial court in this case failed to advise Thomas of his appellate rights under Crim.R. 32, we find * * * the error here to be harmless. * * * Here, this court granted Thomas's motion for delayed appeal, and subsequently appointed appellate counsel to represent him in the appeal. Accordingly, we conclude that any argument relative to the omission is moot."); *State v. Middleton*, Preble App. No. CA2004-01-003, 2005-Ohio-681, ¶ 25 ("Regardless of whether the common pleas court committed error with regard to Crim.R. 32(B)(2) and (3) appellant has failed to show prejudice. Appellant was appointed counsel and filed an appeal within the requisite time period. Accordingly, there was no reversible error in this case.").

{¶27} Accordingly, because Appellant did not suffer prejudice from any alleged error by the trial court, he has failed to allege any facts in his

petition for post conviction relief that would entitle him to relief. As a result, summary denial of Appellant's petition was proper.

{¶28} Based upon the foregoing, we conclude that the trial court did not err in denying Appellant's petition for post conviction relief and therefore we affirm the decision of the trial court in case number 10CA13. Further, having found the issue raised by appellate counsel to be wholly frivolous, and having found no merit to Appellant's pro se assignment of error, we hereby grant counsel's motion to withdraw.

**JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART.**

Kline, J., concurring in part.

{¶29} I concur in judgment and opinion with the resolution of Case No. 10CA5, and the *Anders* portion of Case No. 10CA13. I respectfully concur in judgment only with the portion of Case No. 10CA13 that addresses Thompson's argument regarding the trial court's failure to notify him of his appeal rights.

{¶30} Under R.C. 2953.21(C), the trial court was required to issue findings of fact and conclusions of law when it dismissed Thompson's petition for post-conviction relief without a hearing. However, "[a] trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law." *State v. Calhoun*, 86 Ohio St.3d 279, 291, 714 N.E.2d 905 (1999).

The reasons to require findings of fact and conclusions of law are "to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982).

{¶31} In my view, the April 21, 2010 entry satisfied this standard. In his petition for post-conviction relief, Thompson claimed that the trial court had no authority to resentence him. The April 21, 2010 entry explains why the trial court concluded that Thompson's argument lacked merit. Thompson also claimed that the trial court failed to notify him of his appeal rights at resentencing. Although the entry did not address this issue, the omission is harmless because the record is clear that Thompson suffered no prejudice from the failure to notify him of his appeal rights. *See generally State v. Ashworth*, 5th Dist. No. 99-CA-60, 1999 WL 1071742, * 3 (Nov. 8, 1999) (holding that trial court's failure "to specifically rule upon" a claim for relief in a petition for post-conviction relief was "harmless"). Thus, I conclude that the April 21, 2010 entry satisfied the trial court's obligation to submit findings of fact and conclusions of law under R.C. 2953.21(C).

McFarland, J., dissenting, in part.

{¶32} I concur in judgment and opinion with the resolution of case number 10CA5, as well as the Anders portion of case number 10CA13.

However, I respectfully dissent from the resolution of the pro se assignment of error in case number 10CA13, as follows.

{¶33} As set forth in the principal opinion, if a petition for post-conviction relief does not allege facts which, if proved, would entitle the prisoner to relief, the trial court may so find and summarily dismiss the petition. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph two of the syllabus. However, if the petition does allege such facts, but the files and records of the case negate the existence of facts sufficient to entitle the prisoner to relief, the trial court may so find and summarily dismiss the petition without a hearing. In such an instance, however, the finding of the court should specify the portions of the files and records which negate the existence of alleged facts that would otherwise entitle the prisoner to relief. Id. at paragraph three of the syllabus. In those instances, the court must make findings of fact and conclusions of law explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and to enable it to determine the ground on which the trial court reached its decision. *State v. Chafin*, Franklin App. No. 97APA09-1181, 1998 WL 240498; citing *State v. Clemmons* (1989), 58 Ohio App.3d 45, 568 N.E.2d 705.

{¶34} Here, in my view, Appellant's petition for post-conviction relief alleged facts related to the trial court's failure to advise him of his appellate

rights, which on their face entitled him to relief.  It is only after a review of

the files and records, which indicate that Appellant filed an appeal and was

appointed counsel on appeal in spite of the court's failure to issue the

appellate right notifications, that we can conclude that facts exist which

negate Appellant's entitlement to relief.  In this circumstance, *Perry*

provides that the trial court may summarily dismiss the petition, but only

after making findings of fact and conclusions of law explicit enough to give

the appellate court a clear understanding of the basis of the trial court's

decision and to enable it to determine the ground on which the trial court

reached its decision.

{¶35} A review of the record here indicates that the basis of

Appellant's motion for post-conviction relief was twofold.  In overruling the

petition, the trial court did not address Appellant's argument that he was

entitled to post conviction relief as a result of the trial court's failure to

inform him of his right to appeal.  Instead, the entry denying the petition

only addressed Appellant's argument that because the State did not appeal

the post release control error after the original sentencing, it had waived the

issue and post release control could not now be imposed.  Thus, as the trial

court did not even address this issue, it did not specify the portion of the files

or records which would negate the existence of alleged facts that would

otherwise entitle Appellant to relief as to this particular claim.

**{¶36}** Although this assignment of error has arguably been rendered moot in light of the disposition of Appellant's tenth pro se assignment of error contained in his appeal of Case No. 10CA5, in my view, this issue is one for the trial court to determine on remand and not for this Court to address for the first time on appeal. Further, it should be noted that *Thomas* and *Middleton*, cases relied upon by the majority for the proposition that Appellant suffered no actual prejudice by the trial court's failure to issue appellate right advisements, both involve direct appeals from an original conviction, rather than an appeal from a petition for post-conviction relief. In light of the procedural posture of case number 10CA13, which involves an appeal from a denial of a petition for post-conviction relief, I believe the analysis outlined in *State v. Perry* to be applicable, rather than that set forth in *Thomas* and *Middleton*. Accordingly, I respectfully dissent from the resolution of Appellant's pro se assignment of error contained in case number 10CA13.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART and that the Appellee and Appellant split costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs in Judgment and Opinion as to Case No. 10CA5 and the Anders Portion in Case No. 10CA13; Concurs in Judgment with Opinion regarding appeal rights notification in Case No. 10CA13.
Harsha, J.: Concurs in Judgment only.
McFarland, J.: Dissents, in part, with Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

BY: _____
Roger L. Kline, Judge

BY: _____
William H. Harsha, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**